Filed 6/25/13  P. v. Braman CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEE BRAMAN,<br><br>　　　Defendant and Appellant. | A135345<br><br>(Napa County<br>Super. Ct. No. CR158559) |

Appellant, Robert Lee Braman, was charged with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and possessing a syringe (Bus. & Prof. Code, § 4140, a misdemeanor).  It was also alleged that appellant suffered a prior strike (Pen. Code, § 667, subds. (b)-(i)), and a prior prison term (Pen. Code, § 667.5, subd. (b)).

Pursuant to a plea agreement, appellant pled no contest to the possession of methamphetamine charge and admitted the prior strike.  The misdemeanor and the prior prison were dismissed.

At sentencing, appellant's motion to strike the strike was denied, as was probation. On the possession of methamphetamine conviction, appellant was sentenced to the low term of 1 year and 4 months, doubled for the strike, for a total of 32 months.

Appellant's sole contention on appeal is that the trial court abused its discretion in failing to strike appellant's prior "strike" conviction.  The prior was a 1984 robbery conviction.  In exercising its discretion, the court stated:  ". . . I looked at this very closely but I just simply don't see it in the interests of justice under [Penal Code] section 1385 to

1

grant the *Romero*[1] motion.  In particular in light of what we have over the last 10 years where we have a repeated sentence to state prison, and the motion under *Romero* is denied."

> *The trial court did not abuse its discretion by declining to strike the prior conviction*

A *Romero* motion is subject to review for abuse of discretion.  (*People v. Williams* (1998) 17 Cal.4th 148.)  The appellant bears the burden of showing that the decision to decline to strike a "strike" was arbitrary and irrational.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374, 376.)  Appellant has not carried that burden.

The present conviction was appellant's 20th felony conviction.  Since his "strike" conviction, appellant has committed 14 felonies, including the present offense.  During that time, appellant has been sentenced to state prison nine times.  As counsel for appellant candidly concedes, appellant is "clearly a recidivist."  Not surprisingly, appellant was evaluated in the probation report as a "high risk to reoffend."

In short, there is nothing in appellant's record to recommend the striking of the strike, and certainly no abuse of discretion on the part of the trial court in denying the invitation to do so.

The judgment is affirmed.

_____
REARDON, J.

We concur:

_____
RUVOLO, P. J.

_____
HUMES, J.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531

2